Upon Petition for Review in Civil No. 95-3-022 filed by Patricia Bird on or about June 27, 1995. Being advised of the premises herein and after showing Patricia Bird several months to obtain an attorney or a lay advocate in this matter, the Fort Peck Court of Appeals issues the following:
FACTS
1. This Appeal is brought in response to Judge Robert E. Welch’s decision of June 20, 1995, wherein he held that the legal theories of res judicata and collateral estopped apply to an order issued by Judge Leland Spotted Bird dated December 14,1994.
2. Judge Leland Spotted Bird, being fully briefed and after oral arguments, decided the issue of whether Patricia Coleen Bird was wrongfully terminated from her employment; and on December 14.1994 dismissed with prejudice Patricia Bird’s complaint in its entirety.
3. Patricia Bird, brought several civil actions in other Courts, all addressing the issue of whether she was wrongfully terminated.
4. Patricia Bird brought eight causes of action in Tribal Court against various defendants, all causes of actions were related to either the issue of wdiether she was wrongfully terminated or whether she sustained damages resulting from her termination
5. Patricia Bird filed action in the Supreme Court of the State of Montana seeking a judgment for damages, allegedly occurring as a result of her wrongful termination.
6. Patricia Bird’s initial complaints in Tribal Court were filed more than three years after the events of which she complains. Patricia Bird failed to file a timely appeal of Judge Spotted Bird’s order of December 14, 1994 and instead initiated a new suit against the Frazer School District and several other parties in privy
7. This Court accepted Patricia Bird appeal and set a briefing schedule on March 10, 1997. Patricia Bird’s brief in *114 support of appeal was due on or before March 24, 1997.
8. On March 24, 1997 Patricia Bird filed a Motion for Additional Time, to File Brief based primarily on the fact that she is a pro se litigant.
9. On March 28. 1997 Robert J. Savage, counsel for appellee filed a response.
10. This court as a matter of law denied appellant’s motion for additional time by not granting said motion within 30 days of filing. Fort Peck Tribal Court Rules of Procedure, R 7-1.
11. As of the date of this writing the appellant has failed to file a brief in support of her appeal.
ISSUE
This Court issued an order on March 10, 1997 accepting the appeal herein and directed that the issues on appeal shall be limited to the following:
(a) Whether the Honorable Judge Robert F Welch in his order of June 20, 1995 properly dismissed Patricia, Bird’s case by applying the principles of res judicata and collateral estopped and;
(b) Whether appellant’s underlying causes of action are barred by the limitation of actions statute, set forth in Title IV, Section 601, of the Fort Peck Tribal, Comprehensive Code of Justice, CCOJ.
OPINION
1. CCOJ Title IV § 601 LIMITATION OF ACTION states: “The court shall have no jurisdiction over any action brought more than three years after the cause of action arose, except no statute of limitations shall bar an action commenced by the Tribes” In this case all the actions filed by Patricia Bird are barred by the statute of limitation.
2. Bird choose to seek her remedies through the Montana State Courts and administrative forums, she is now foreclosed from coming before the Tribal Court. Patricia Bird’s cases fail by, through, and under, the doctrine of election of remedies See Election of Remedies, 25 AM Jur. 2d § 1 page 646.
3. This Court, finds persuasive the, “COMBINED RESPONSE TO PATRICIA BIRD’S BRIEFS,” filed by Robert J Savage, in Tribal Court on or about June 1, 1995, arguing that Patricia Colleen Bird’s case fails and is barred under principals of res judicata. Res judicata is an elementary principal of law stating.
“the rale that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to subsequent action involving the same claim, demand, or cause of action.” See Black’s Law Dictionary 5th Ed. page 1174.
4. Final judgment on a claim or issue bars the parties from re-trying the same claim.
5. It is the finding of this court that all damages alleged in the new cause of action were determined by and merged into the case dismissed by Judge Spotted Bird on December 14, 1994.
6. This opinion is limited by the fact that the appellant has failed to file a brief on a timely basis. This Court cannot allow an extension of time beyond what is reasonable. Robert J Savage, counsel for appellee’s brief responding to Patricia Bird’s Motion for Additional Time to File Brief, is dispositive of the existing law and factual considerations relevant to this determination. Here, the pro se appellant gains no favor based on the fact that she cannot and did not employ the services of *115 an attorney The appellant has been given ample time in which to file a brief in support of her appeal.
7. In review of the extensive lower court record, including briefs and motions filed by all parties, an additional brief from the appellant may have been cumulative and added little to the court decision.
NOWTHEREFORE it is the Order of this Court that the lower courts decision herein is AFFIRMED.